**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KINGSLEY ASUKWO,**

**Plaintiff,**

**v.** **Case No. 24-CV-1358-SCD**

**JOSEPH NANTOMAH,**
**INVESTORS CAPITAL LLC,** and
**HIGH INCOME PERFORMANCE PARTNERS LLC,**

**Defendants.**

---

# ORDER GRANTING PLAINTIFF'S MOTION FOR DAMAGES AND ENTRY OF JUDGMENT

---

In December 2022, Kingsley Asukwo invested $60,000 with Joseph Nantomah and his investment company, Investors Capital LLC. *See* Asukwo Decl. ¶¶ 2–12, ECF No. 26. The money was to be used solely for fixing and flipping a property located in Chicago, Illinois, and Nantomah guaranteed a 25% return in just eight months. *Id.* ¶¶ 8–9. After Nantomah failed to make any payments by the agreed-upon deadline, *see id.* ¶¶ 21–27, Asukwo sued him and his LLCs in federal court, asserting claims for breach of contract, civil theft, deceptive trade practices, the sale of an unregistered security under Wisconsin law, a misstatement or omission in the sale of a security, the sale of unregistered securities under federal law, and federal securities fraud, *see* Compl., ECF No. 1.[1] The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3 & 7.

---

[1] The complaint alleges that Asukwo subsequently entered into similar investment agreements with High Income Performance Partners LLC, a different investment company owned by Nantomah. *See* Compl. ¶¶ 17–22.

In January 2026, I granted in part and denied in part Asukwo's motion for summary judgment on all but one of his claims. I specifically found that Asukwo was entitled to summary judgment on his breach of contract claim against Investors Capital LLC, his civil theft claim against Investors Capital and Nantomah, his deceptive trade practices claim against Investors Capital and Nantomah, his state unregistered security claim against Investors Capital, and his state securities fraud claim against Investors Capital. However, I determined that Asukwo was not entitled to summary judgment on any of his claims against High Income Performance Partners LLC, his breach of contract claim against Nantomah personally, his state unregistered security claim against Nantomah, his state securities fraud claim against Nantomah, or his federal unregistered securities claim against any defendant. *See* Decision & Order, ECF No. 21.

Asukwo now moves for an award of damages and entry of final judgment consistent with the summary-judgment ruling. He seeks a single, non-duplicative judgment awarding the full relief supported by that ruling. According to Asukwo, the strongest basis for that judgment is Wisconsin's civil theft statute, Wis. Stat. § 895.446. He also points to the court's favorable rulings on his breach of contract and state securities fraud claims against Investors Capital. Asukwo requests a total award of $240,000—$60,000 in actual damages on his civil theft claim (i.e., the unpaid investment) and $180,000 in exemplary damages—plus interest, attorney fees, and costs. *See* Pl.'s Mot., ECF No. 25. The defendants have not responded to Asukwo's motion and have largely been silent in this action.

If liability is established, "a damages hearing is unnecessary when 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th

Cir. 2014) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)); *FTC v. Febre*, 128 F.3d 530, 536–37 (7th Cir. 1997) (finding no abuse of discretion where district court determined damages at summary judgment and "without the benefit of a hearing"). Here, Asukwo seeks statutory damages under Wisconsin's civil theft statute. A civil plaintiff who prevails under that statute may recover: (a) "Actual damages, including the retail or replacement value of damaged, used, or lost property, whichever is greater"; (b) "All costs of investigation and litigation that were reasonably incurred, including the value of the time spent by any employee or agent of the victim"; and (c) "Exemplary damages of not more than 3 times the amount awarded under par. (a)." Wis. Stat. § 895.446(3); *see also Estate of Miller v. Storey*, 2017 WI 99, ¶ 49, 903 N.W.2d 759, 771 ("[W]e conclude that attorney fees are included within the meaning of 'costs of investigation and litigation' under Wis. Stat. § 895.446(3)(b)."). "No additional proof is required . . . for an award of exemplary damages under [paragraph (c)]." Wis. Stat. § 895.446(3)(c).

"[E]xemplary damages are not automatically awarded under § 895.446(3) to a plaintiff who has met each of the elements of his . . . claim under sub. (1), nor are the damages necessarily trebled." *Hookstead v. Beal*, No. 2020AP895, 2021 WL 3412911, 2021 Wisc. App. LEXIS 411, at *30 (Wis. Ct. App. Aug. 5, 2021) (citing *Estate of Miller*, 2017 WI 99, ¶ 69, 903 N.W.2d at 776). Rather, deciding "whether to actually award exemplary damages and, if so, in what amount" is a matter "within the discretion of the trier of fact." *Estate of Miller*, 2017 WI 99, ¶ 69, 903 N.W.2d at 777 (citations omitted). In exercising that discretion, the trier of fact must make "a reasonable inquiry and examination of the facts to reach a reasonable conclusion." *In re Stangel*, 593 B.R. 607, 616 (Bankr. E.D. Wis. 2018) (quoting *Stathus v. Horst*, 2003 WI App 28, ¶ 5, 659 N.W.2d 165, 167). "Additionally, because '[e]xemplary damages

are synonymous with punitive damages,' it is appropriate to consider whether such damages are necessary here to serve the punitive purposes of punishment and deterrence." *Id.* at 617 (quoting *Estate of Miller*, 2017 WI 99, ¶ 69 n.32, 903 N.W.2d at 776 n.32).

Asukwo has established that he is entitled to actual damages in the amount of $60,000 on his civil theft claim. His declaration demonstrates that is the amount he invested in the defendants' house-flipping venture. *See* Asukwo Decl. ¶ 11. And the undisputed facts establish that the defendants intentionally retained possession of that money without Asukwo's consent, that the defendants knew that their retention of the money was without Asukwo's consent, and that the defendants intended to convert that money to their own use. Awarding the amount of the full unpaid investment is the only way to make Asukwo whole.

I further find that the full extent of exemplary damages—$180,000—is appropriate in this case. The defendants' conduct was egregious and calculated to defraud. Nantomah held himself out as an experienced real estate investor on social media, posting clips of luxury cars, large homes, and lavish vacations, and promised quick returns with little risk. He also promised that Asukwo's investment would be used only for a specific purpose. And when Asukwo demanded that he pay up, Nantomah simply made excuses and barely paid back even a dime. Moreover, I am aware from other cases pending in this district—including several before me—that Asukwo was not Nantomah's only victim. Far from it. The undisputed evidence shows that Nantomah engaged in a pattern of behavior where he duped numerous individuals into investing large sums of money in his house-flipping ventures, never used any of those funds to flip any actual properties, and instead kept the money to fund his own personal lifestyle and unrelated ventures. His conduct appears intentional and deserves to be punished. Given the scale of Nantomah's misconduct, tripling Asukwo's actual damages is

necessary to punish Nantomah and (hopefully) deter him and others from similar conduct; treble damages are also proportionate to Nantomah's wrongdoing. *See Kimble v. Land Concepts, Inc.*, 2014 WI 21, ¶¶ 43–47, 845 N.W.2d 395, 406–07 (explaining the purposes of punitive damages and listing factors courts consider in determining whether a punitive damages award is constitutionally excessive).

Accordingly, for all the foregoing reasons, the court **GRANTS** the plaintiff's motion for damages and entry of judgment, ECF No. 25. The clerk of court shall enter judgment in favor of the plaintiff against defendants Joseph Nantomah and Investors Capital LLC, jointly and severally, in the total amount of $240,000 ($60,000 in actual damages plus $180,000 in exemplary damages), plus interest at the rate of 5% on $60,000 running from December 6, 2022, to the date of judgment. Any fee petition and supporting documentation must be filed within twenty-one days of this order. Finally, the court dismisses the remaining claims upon which liability has not been established.

**SO ORDERED** this 15th day of September, 2026.

Stephen C. Dries

STEPHEN C. DRIES
United States Magistrate Judge